THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAMS A. BURNS, JR.

    Plaintiff,

v.

BRIANNA MARIE BURNS,
COMMISSIONER TRACY G.
WAGGONER, SNOHOMISH COUNTY
SUPERIOR COURT,

    Defendants.

Case No. 2:20-cv-1352-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Emergency Motion for a Temporary Restraining Order ("TRO motion"), Dkt. # 10, and Defendants' Motion to Dismiss, Dkt. ## 18, 24. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Motion for a Temporary Restraining Order is **DENIED** as moot.

## II. BACKGROUND

On September 24, 2020, Plaintiff William A. Burns, Jr. ("Plaintiff") filed a

ORDER – 1

Complaint and Request for Stay of Execution[1] against Defendants Snohomish County Superior Court and Brianna Marie Burns ("Ms. Burns"). Dkt. # 6. Plaintiff alleged that he was deprived of due process and equal protections rights during child custody and support proceedings involving him and Ms. Burns in Snohomish County Superior Court. *Id.* at 4-5. Three weeks later, Plaintiff filed a TRO motion against the Snohomish County Superior Court, the Honorable Commissioner Tracy G. Waggoner, and Ms. Burns, Dkt. # 10, followed by a memorandum in support of the TRO motion, Dkt. # 11.

In the TRO motion, Plaintiff moved the Court "to halt Defendants' continued use of state court orders" to deprive him of his constitutional rights and "restrain[] [him] from [his] children." Dkt. # 10 at 2. Specifically, Plaintiff alleges that Ms. Burns has filed numerous motions, which Snohomish County Superior Court has granted, that preclude him from seeing his children. Dkt. # 11 at 5-7. Plaintiff contends that Commissioner Waggoner and the Snohomish County Superior Court, at the request of Ms. Burns, "have adopted and utilized a judicial system compromised of non-evidentiary and Ex Parte hearings which deprive Plaintiff of his constitutional rights of due process and equal protection." Dkt. # 11 at 10. For these reasons, Plaintiff seeks to remove the state court action, Snohomish County Superior Court Cause No. 19-3-02353-31, to this Court and moves to stay the execution of all state court orders. Dkt. # 10 at 3.

On October 29, 2020, Defendants Snohomish County Superior Court and Commissioner Waggoner filed the pending motion to dismiss. Dkt. # 18. The Superior Court moves to dismiss the claims based on Federal Rule of Civil Procedure 12(b)(5) because the state court "is not amenable to legal suit and Plaintiff failed to serve Snohomish County." *Id.* at 2. Commissioner Waggoner moves to dismiss the case under

---

[1] Plaintiff subsequently sought leave to amend his complaint on March 31, 2020. Dkt. # 27. The request was stricken for failure to comply with Local Civil Rule 15 of the Western District of Washington without prejudice to being refiled pursuant to the local rules. Dkt. # 29. Plaintiff failed to refile an amended complaint by the deadline of April 20, 2021. *Id.* The Court will therefore address the facts as alleged in Plaintiff's original complaint and pleadings.

ORDER – 2

FRCP 12(b)(1) based on this Court's lack of jurisdiction, and under FRCP 12(b)(6), based on Plaintiff's failure to state a claim. *Id.* Defendant Ms. Burns filed a motion for joinder to the motion to dismiss, seeking to dismiss the action or, alternatively, to dismiss her as an inappropriate party to this action based on her status as a "private citizen and therefore unable to, on behalf of the government, abridge any constitutional rights of Plaintiff." Dkt. # 24 at 2. On November 2, 2020, Plaintiff filed a response to the motion to dismiss. Dkt. # 22.

### III. LEGAL STANDARD

Defendants move the Court to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Dkt. # 18. Under FRCP 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. An argument against jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party claims that the allegations in the complaint "are insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the moving party disputes the truth of the allegations that would invoke federal jurisdiction. *Id.* Pursuant to FRCP 12(b)(5), a party may assert a defense based on insufficient service of process. Fed. R. Civ. P. 12(b)(5).

Under FRCP 12(b)(6), a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations

ORDER – 3

in the complaint" that would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint"). A court may "properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated by Astoria Fed. Sav. & Loan Ass'n v. Solimino on other grounds*, 501 U.S. 104 (1991).

Under Rule 201 of the Federal Rules of Evidence, a court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice on its own at any stage of the proceeding. Fed. R. Evid. 201(c-d). Pursuant to this Rule, the Court takes notice of the state court proceedings in which Plaintiff and Ms. Burns have been litigating the matters raised before this Court.

## IV. DISCUSSION

Before addressing whether the Plaintiff has met his burden to obtain a temporary restraining order, the Court must first determine whether it has subject matter jurisdiction required to provide any relief. *See Cook v. Harding*, 190 F. Supp. 3d 921, 931 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018) (holding that pursuant to FRCP 12(b)(1), a "court must dismiss a complaint when it lacks subject matter jurisdiction"). The Supreme Court has "generally direct[ed] federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Younger v.*

ORDER – 4

*Harris*, 401 U.S. 37, 40-41 (1971); *Samuels v. Mackell*, 401 U.S. 66 73 (1971)). As relevant here, the Supreme Court held that the "*Younger* abstention is appropriately applied to challenges to state custody and parentage proceedings." 190 F. Supp. 3d at 935. In the absence of extraordinary circumstances, "abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing; (2) implicate important state interests; (3) provide the plaintiff an adequate opportunity to litigate her federal claims; and (4) where the federal court's involvement would interfere in a way that *Younger* disapproves." *Id.* Here, all four prongs are met.

First, with respect to the first prong, "the question is not whether the state judicial proceedings are still ongoing, but whether they were underway before initiation of the federal action." *Id.* at 936 (citing *Young v. Schwarzenegger*, No. C-10-03594-DMR, 2011 WL 175906, at *2 (N.D. Cal. Jan. 18, 2011)). Proceedings are "ongoing" for purposes of the *Younger* abstention until state appellate review is completed. 190 F. Supp. 3d at 936. Here, Defendants note—and Plaintiff does not dispute—that he has not filed an appeal related to any of the disputed state court orders with the Washington State Court of Appeals. Dkt. # 18 at 3. The Court finds that the first prong is clearly met.

With respect to the second prong, Plaintiff's motion to enjoin state proceedings involving child custody rights undoubtedly implicates important state interests. "The power of a state to determine the custody of its youngest members is unique to the state, and accordingly federal courts should abstain from interference." 190 F. Supp. 3d at 936; *see also Buechold v. Ortiz*, 401 F.2d 371, 373 (9th Cir. 1968) (holding that "[s]tate courts deal with [child custody] problems daily and have developed an expertise that should discourage the intervention of federal courts. As a matter of policy and comity, these local problems should be decided in state courts"). This second prong is thereby met.

The third prong is satisfied unless state procedural law bars presentation of Plaintiff's federal claims. 190 F. Supp. 3d at 937 (citing *Moore v. Sims*, 442 U.S. 415, 430). Here, it is not argued that Washington state law precludes Plaintiff from raising his

ORDER – 5

constitutional claims before the state court or appealing the state court decisions based on constitutional concerns. The third prong is thus satisfied here.

Finally, the fourth prong requires a federal court to abstain from state court proceedings if the federal court's participation in the litigation "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). Here, it is clear that this Court's involvement would enjoin state family law proceedings in a way that *Younger* disapproves. *See* 190 F. Supp. 3d at 938. The fourth prong is also satisfied.

Based on this analysis, the Court concludes that it must abstain from providing relief in the instant action. Indeed, "[w]here *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." 190 F. Supp. 3d. at 935 (quoting *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir.1988). Because the Court lacks jurisdiction over the action, Plaintiff's claims must be dismissed pursuant to FRCP 12(b)(1), and the TRO motion denied as moot.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motion to Dismiss, Dkt. ## 18, 24, and **DENIES** Plaintiff's Emergency Motion for Temporary Restraining Order, Dkt. # 10, as moot.

DATED this 26th day of May, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6